UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MCKENZIE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THERESA CISNEROS, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-02764-DAD-JDP (PC)<br><br>**SCREENING ORDER**<br><br>THAT PLAINTIFF INDICATE HIS INTENT TO PROCEED ONLY WITH THE CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR FILE AN AMENDED COMPLAINT<br><br>ECF No. 9<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS FIRST AS MOOT<br><br>ECF Nos. 2 & 5 |

　　　Plaintiff, a state prisoner proceeding without counsel, alleges that defendant Gabino Mercado, a correctional officer, violated his First and Eighth Amendment rights by retaliating against him for engaging in a protected activity and subjected him to sleep deprivation.[1]  ECF No.

---

[1] Plaintiff appears to couch this First Amendment claim as implicating his right to access the courts, but I cannot tell how his access to courts was impeded or what actual injury he suffered.  Additionally, his allegations appear to state a claim for retaliation rather than access to courts, and I will consider it as such.  If plaintiff wishes this claim to proceed as one for access to

1

9 at 3, 15. After reviewing the operative complaint, I find this claim cognizable. The complaint fails, however, to state a viable claim against any other defendant. Plaintiff may either proceed only with his claims against Mercado, or he may delay serving any defendant and amend his complaint. I will also grant plaintiff's second application to proceed *in forma pauperis* and deny his first as moot. Finally, given that this action was initially filed as one for habeas corpus, I will direct the Clerk of Court to change its classification to reflect plaintiff's decision to pursue his claims under section 1983.

## Screening Order

### I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

---

courts, he may delay service and file an amended complaint that better describes how he was denied access.

2

1  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
2  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
3  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
4  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
5  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that defendant Mercado retaliated against him for filing grievances by issuing false disciplinary reports and using the prison lighting system to prevent plaintiff from sleeping. ECF No. 9 at 3, 14. These allegations, construed liberally, state viable First and Eighth Amendment claims.

Plaintiff's other claims do not fare as well. He alleges that CDCR officials failed to respond to his prison grievances within the time specified by prison regulations. *Id.* at 15. This claim is non-cognizable because prisoners have no constitutional right to any particular administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Plaintiff also appears to allege that defendant Cisneros, the former warden of Corcoran State Prison, and defendant Allison, the former secretary of the CDCR, failed to intervene and stop Mercado's abuse. ECF No. 9 at 4, 17. The complaint fails, however, to allege that either defendant had personal knowledge of Mercado's alleged retaliation. Defendant Allison, as secretary, is not alleged to have been present at Corcoran. Plaintiff does allege that he informed her of the problem by sending her a letter, *id.* at 17, but this is insufficient to establish the requisite knowledge. He does not allege that Allison responded to the letter or that there was any indication that a former secretary of CDCR had knowledge of the personal dispute between plaintiff and Mercado. And as for Cisneros, plaintiff appears to allege only that she was responsible because of her supervisory position. There is, however, no *respondeat superior* liability under section 1983. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). If plaintiff's claims against these supervisory defendants are to proceed, he must better allege how each failed to intervene despite coming to know and understand his alleged plight.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with the First and Eighth Amendment claims against defendant Mercado deemed cognizable in this order or he may delay serving any defendant and file an amended complaint. If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's second application to proceed *in forma pauperis*, ECF No. 5, is GRANTED and his first, ECF No. 2, is DENIED as moot.

4. The Clerk of Court shall alter the docket to reflect that this case shall now proceed under section 1983 rather than as a habeas action. The change in filing fee should be considered in the collection of plaintiff's filing fee.

IT IS SO ORDERED.

Dated:   July 17, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE