1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERALD MCKENZIE,                              Case No.  2:23-cv-2764-DAD-JDP (P)

12                   Plaintiff,

13            v.                                   FINDINGS AND RECOMMENDATIONS

14   THERESA CISNEROS, *et al.*,

15                   Defendant.

16

17

18            Plaintiff, a state prisoner proceeding pro se, alleges in his first amended complaint that

19   defendant Gabino Mercado, a correctional officer, violated his First and Eighth Amendment

20   rights by retaliating against him for filing grievances, by issuing false disciplinary reports, and by

21   using the prison lighting system to prevent him from sleeping.[1]  ECF No. 9.  Defendant moves to

22   dismiss, ECF No. 23; plaintiff has filed an opposition, ECF Nos. 25 & 27; and defendant has filed

23   a reply, ECF No. 26.[2]  I recommend that plaintiff's amended complaint be dismissed without

24   leave to amend.

25            _____

26            [1] Plaintiff has also named two other individuals as defendants.  ECF No. 9 at 2.  However, these defendants were dismissed by prior order, ECF No. 10, and plaintiff filed a notice expressing his intent to move forward with only the claims asserted against Mercado, ECF No. 13.  As such, I do not consider claims against the other two named defendants.

27

28            [2] Plaintiff filed an amended opposition on January 6, 2025.  ECF No. 27.  Defendant moves to strike plaintiff's filing, arguing that it is an unauthorized sur-reply.  ECF No. 28.  While

1      **Motion to Dismiss**

2      **I.      Legal Standard**

3          A complaint may be dismissed for "failure to state a claim upon which relief may be

4      granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

5      plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

6      *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

7      plaintiff pleads factual content that allows the court to draw the reasonable inference that the

8      defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9      (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

10     requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

11     *Iqbal*, 556 U.S. at 678.

12         For purposes of dismissal under Rule 12(b)(6), the court generally considers only

13     allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

14     subject to judicial notice, and construes all well-pleaded material factual allegations in the light

15     most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710

16     F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

17         Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

18     theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d

19     at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

20     claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

21     **II.     Background**

22         In his first amended complaint, plaintiff claims that after he filed four unanswered inmate

23     grievances, Mercado retaliated against him by filing false disciplinary reports and used the prison

24     lighting system to subject him to prolonged nighttime light exposure, preventing sleep.  ECF No.

25     9 at 3-4.  Notably, he acknowledges that in June 2022, he filed a writ of habeas corpus against

26

27     the Local Rules and the Federal Rules do not recognize the right to file a sur-reply, considering
       plaintiff's pro se status, I will deny defendant's motion.  I have considered the arguments raised
       in plaintiff's sur-reply, but nothing therein alters my analysis.  I will also deny as unnecessary

28     defendant's request to respond to plaintiff's sur-reply, ECF No. 28.

1    Mercado for the same claims in the Kings County Superior Court. *Id.* at 12-14. In that petition,

2    he alleged that Mercado violated his Eighth Amendment rights when, after plaintiff filed those

3    same four unanswered inmate grievances, Mercado began filing false disciplinary reports and

4    used the prison lighting system to disrupt his sleep. ECF No. 23-1 at 7-8, 16. On October 20,

5    2022, the state court order addressed plaintiff's allegations in a reasoned opinion, concluding that

6    plaintiff had failed to provide sufficient factual support for his claim. *Id.* at 121-25. The state

7    court rendered a final judgment in Mercado's favor. *Id.* at 125.

8         **III.     Analysis**

9         As an initial matter, defendant asks this court to take judicial notice of plaintiff's state

10   court filings. ECF No. 23-1 at 1-2. Plaintiff opposes defendant's request, arguing that the court

11   can neither consider materials outside the four corners of the complaint nor endorse the accuracy

12   of any such documents. ECF Nos. 24 & 25. Generally, plaintiff is correct that, when applying

13   Rule 12(b)(6), courts cannot consider materials beyond the pleadings. *See Lee v. City of Los*

14   *Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). However, a court can judicially notice material

15   outside the complaint on a motion to dismiss where the authenticity of the attached documents is

16   either uncontested or is a matter of public record. *Id.* at 688-90. Additionally, when a court takes

17   judicial notice of another court's opinion, it is simply recognizing the existence of that opinion.

18   *Id.* at 690. Plaintiff does not contest the authenticity of the records provided, and, in fact, attaches

19   many of the same documents to his opposition. *See generally* ECF No. 24. And the documents

20   provided by defendant are matters of public record. Accordingly, I will take judicial notice of the

21   state court records attached to defendant's opposition.

22        Defendant argues that plaintiff's claims are barred by claim preclusion. ECF No. 23 at 3-

23   4; ECF No. 23-1. Specifically, defendant argues that plaintiff's previous state habeas case and

24   this case share the same parties and same cause of action, and that, because the state court issued

25   a final judgment on the merits, California's primary rights theory bars this action. ECF No. 23 at

26   6-7. Plaintiff argues that he properly alleged facts upon which relief can be granted and that

27   claim preclusion should not bar his complaint. ECF No. 25 at 5-9. A review of the record

28   demonstrates otherwise.

Federal courts "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *see also* 28 U.S.C. § 1738. Here, this court will apply California law "to determine the preclusive effect of the state court judgment entered against plaintiff." *Moldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *Anderson v. Mendoza*, No. 2:17-cv-1244-KJM-DB P, 2018 WL 6528429, at *3 (E.D. Cal. Dec. 12, 2018) ("California claim preclusion law governs whether, in light of his earlier state habeas petition, [the] plaintiff's § 1983 claims may be brought in federal court.").

Under California law, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit." *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (alterations in original) (quoting *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015)); *see also Victa v. Merle Norman Cosms., Inc.*, 24 Cal. Rptr. 2d 117, 120 (Cal. Ct. App. 1993) (res judicata "foreclose[s] relitigation of a cause of action or issue that was determined in a prior case, involving the same party or one in privity to it, and which ended in a final judgment on the merits"); *McKinney v. Cnty. of Santa Clara*, 168 Cal. Rptr. 89, 92 (Cal. Ct. App. 1980) ("The doctrine of res judicata precludes parties and their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.").

For purposes of res judicata, California applies the "primary rights" theory. *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1232-33 (9th Cir. 2014). Under this theory, "[i]f the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which *could have been raised*." *Id.* at 1233 (quoting *Eichman v. Fotomat Corp.*, 197 Cal. Rptr. 612, 614 (Cal. Ct. App. 1983) (internal quotation marks omitted)). "[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* (alteration in original) (quoting *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (internal quotation marks omitted)).

California has a "habeas exception" to its claim preclusion rule. *Gonzalez*, 739 F.3d at 1231. Under this exception, summary denials of habeas petitions do not have a claim preclusive effect on future proceedings. *Id.* However, "*reasoned* denials of California habeas petitions . . . do have claim-preclusive effect." *Id.*; *see also Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[W]e hold that because of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").

Plaintiff's claims are barred under California's primary rights theory. The claims plaintiff raises in his amended complaint are the same claims he litigated in his state court proceeding. *Compare* ECF No. 9 *with* ECF No. 23-1 at 4-22. For instance, in his amended complaint, plaintiff contends that Mercado violated his First and Eighth Amendment rights when Mercado filed false disciplinary reports and subjected him to prolonged nighttime lighting. ECF No. 9. Similarly, in his state habeas petition, plaintiff alleged that Mercado violated his Eighth Amendment rights by filing those same false disciplinary reports and by exposing him to prolonged nighttime light. ECF 23-1 at 7-8, 16. The current case's allegations are almost identical to those brought in the state habeas petition, the only difference being that plaintiff did not explicitly raise a First Amendment retaliation challenge against Mercado's alleged actions. *Compare* ECF No. 9 *with* ECF No. 23-1 at 4-22. Both cases involve the same primary rights, and the record shows that plaintiff could have raised his First Amendment retaliation claim against Mercado in the habeas petition. *Gonzalez*, 739 F.3d at 1233. Thus, both the current case and the state habeas petition involve the same cause of action.

Additionally, the state court proceeding resulted in a final judgment on the merits in a reasoned opinion, and so California's habeas exception does not apply. *See* ECF No. 23-1 at 121-25; *Gonzalez*, 739 F.3d at 1231. And plaintiff named the current defendant in his state court suit, so the parties are the same. *Compare* ECF No. 9 *with* ECF No. 23-1 at 11. Plaintiff's complaint squarely fits within the ambit of California's doctrine of claim preclusion, *see Furnace*, 838 F.3d

1  at 1023, and the court should preclude plaintiff from bringing this federal suit, *see Moldonado*,

2  370 F.3d at 951.

3      Accordingly, it is ORDERED that defendant's motion to strike plaintiff's sur-reply, ECF

4  No. 28, is DENIED.

5      Further, it is RECOMMENDED that:

6      1.  Defendant's motion to dismiss, ECF No. 23, be GRANTED and plaintiff's claims

7  against defendant be DISMISSED without leave to amend.

8      2.  The Clerk of Court be directed to close this action.

9      These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be served and filed within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

17  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18
19  IT IS SO ORDERED.

20
21  Dated:    February 26, 2025

    JEREMY D. PETERSON
22  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28