UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MCKENZIE,<br><br>    Plaintiff,<br><br>    v.<br><br>THERESA CISNEROS, et al.,<br><br>    Defendants. | No. 2:23-cv-02764-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT MERCADO'S MOTION TO DISMISS, AND DISMISSING THIS ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. Nos. 23, 29) |

    Plaintiff Gerald McKenzie is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

    On February 27, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant Mercado's motion to dismiss (Doc. No. 23) be granted and this action be dismissed without leave to amend. (Doc. No. 29.) Specifically, the magistrate judge took judicial notice of plaintiff's filings in a habeas proceedings he had initiated in the Kings County Superior Court. (*Id.* at 3.) The magistrate judge also determined that the claims plaintiff raised in his operative complaint in this federal civil rights action (that defendant correctional officer Mercado had violated his First and Eighth Amendment rights by retaliating

1   against plaintiff for filing grievances through issuing false disciplinary reports and using the
2   prison lighting system to prevent him from sleeping) had all been litigated and rejected by the
3   state court in a reasoned opinion resulting in the entry of judgment. (*Id.* at 3–5.) The magistrate
4   judge additionally found that the state habeas proceeding had resulted in a final judgment on the
5   merits of plaintiff's claims. (*Id.* at 5.) Accordingly, the magistrate judge concluded that
6   plaintiff's claims were barred by claim preclusion. (*Id.* at 5–6.) The findings and
7   recommendations were served on the parties and contained notice that any objections thereto
8   were to be filed within fourteen (14) days after service. (*Id.* at 6.) On March 24, 2025, plaintiff
9   filed his objections to the pending findings and recommendations. (Doc. No. 30.) On March 28,
10  2025, defendant Mercado filed a response to those objections. (Doc. No. 31.)

11         In his objections, plaintiff argues that claim preclusion cannot bar the present action
12  because he did not receive an evidentiary hearing in his state habeas proceeding and therefore was
13  not provided with a full and fair opportunity to litigate his claims.[1] (Doc. No. 30 at 3–4.) In
14  support of his argument, plaintiff cites the decision in *Silverton v. Department of Treasury*, 644
15  F.2d 1341 (9th Cir. 1981), which does not address claim preclusion but rather discusses issue
16  preclusion. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1229 (9th Cir. 2014) (noting that
17  in *Silverton* the court had held that a decision actually rendered in a state habeas proceeding
18  should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state
19  habeas court afforded a full and fair opportunity for the issue to be heard but did not settle
20  whether claim preclusion should also apply to state habeas proceedings). Indeed, the Ninth
21  Circuit has not found, or even suggested, that "California claim preclusion based on prior state
22  habeas decisions . . . [requires] an evidentiary hearing." *Smart v. Ortiz*, No. 17-cv-01454-AJB-

---

[1] Plaintiff also argues that the magistrate judge improperly took judicial notice of the facts contained within an opinion issued by another court. (Doc. No. 30 at 2–3.) This contention is without merit. The magistrate judge properly considered the court documents appearing on the docket of plaintiff's state habeas petition to determine the scope of claim preclusion in the present matter. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005) (finding that taking judicial notice was appropriate to determine if an issue was raised in a prior state action); *see also Perrotte v. Muntz*, No. 07-cv-01031-MWF-VBK, 2015 WL 1310950, at *9–10 (C.D. Cal. Mar. 16, 2015) (taking judicial notice of state habeas petitions to determine scope of claim preclusion).

1  BGS, 2018 WL 3752326, at *6 (S.D. Cal. Aug. 8, 2018) (citing *Furnace v. Giurbino*, 838 F.3d
2  1019, 1022 (9th Cir. 2016); *Gonzales*, 739 F.3d at 1229), *report and recommendation adopted*,
3  2019 WL 1254570 (S.D. Cal. Mar. 19, 2019).  Accordingly, the court finds that plaintiff's
4  objections fail to provide any basis upon which to reject the magistrate judge's recommendation.
5  *See Stevenson v. Beard,* No. 16-cv-03079-JLS-RBM, 2019 WL 11779201, at *3 (S.D. Cal. Feb
6  25, 2019) ("When challenging [by way of state habeas petition] the same actions by the same
7  group of officials at the same time that resulted in the same harm" a prisoner "cannot escape
8  claim preclusion" in a subsequent suit under section 1983.") (internal quotation marks omitted)
9  (quoting *Gonzales*, 739 F.3d at 1234); *Anderson v. Mendoza*, No. 2:17-cv-01244-KJM-DB (PC),
10  2018 WL 6528429, at *4 (E.D. Cal. Dec. 12, 2018), *report and recommendation adopted*, 2019
11  WL 10374286 (E.D. Cal. Feb. 12, 2019).

12  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
13  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
14  findings and recommendations are supported by the record and by proper analysis.

15  For the above reasons,

16  1. The findings and recommendations issued on February 27, 2025 (Doc. No. 29) are
17     ADOPTED in full;
18  2. Defendant Mercado's motion to dismiss (Doc. No. 23) is GRANTED;
19  3. This action is DISMISSED without leave to amend in light of the fact that
20     plaintiff's claims asserted in this action are barred;
21  4. The Clerk of the Court is directed to CLOSE this case.

22  IT IS SO ORDERED.

23  Dated:  **August 9, 2025**
24                                                                          DALE A. DROZD
                                                                              UNITED STATES DISTRICT JUDGE

3